IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re:

    Marlone Jermaine Jones,         Case No. 19-31539-beh

                Debtor.         Chapter 13

**ORDER STRIKING AMENDED PETITION**

"A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse." 11 U.S.C. § 302 (a). That is not what happened here. Here, debtors tried to achieve a joint case by filing an "amended petition," which added the debtor's spouse eleven days after debtor filed his initial petition. This effort to create a joint case by amendment would effect an unmanageable time warp, something the Bankruptcy Code precludes.

    The debtor, Marlone Jermaine Jones, filed his Chapter 13 petition on December 12, 2019, with the assistance of counsel. His petition did not identify a spouse. On the same date, he filed a certificate of credit counseling, which noted that Mr. Jones took the required course on December 10, 2019. ECF Doc. No. 3. On December 15, the Bankruptcy Noticing Center mailed the notice of the meeting of creditors for Mr. Jones's case, setting January 23 at 8:30 a.m. as the meeting date. ECF Doc. Nos. 5 and 8. Additionally, the BNC mailed an order for possible dismissal of Mr. Jones's case, because he had not filed his bankruptcy schedules and plan. ECF Doc. Nos. 7 and 9.

    On December 23, Mr. Jones filed what his counsel labeled an "amended petition," naming Stephanie Letreal Brazil as the joint debtor spouse. ECF Doc. No. 10. The amended petition did not include an address for Ms. Brazil. Counsel filed a certificate of credit counseling for Ms. Brazil, noting that she took the course on October 11, 2019. ECF Doc. No. 11. Also on December 23,

Jones and Brazil filed a joint Chapter 13 plan. ECF Doc. No. 14. Jones and Brazil also filed joint schedules, statement of financial affairs, and other required bankruptcy forms, such that the bankruptcy clerk made a private docket entry noting that the deficiency order issued in Mr. Jones's case was satisfied. On December 26, counsel filed a "Notice of Filing Spouse" including Ms. Brazil's address to be the same as that listed for Mr. Jones. ECF Doc. No. 18.

Though Federal Rule of Bankruptcy Procedure 1009(a) allows a debtor to amend his or her petition "as a matter of course at any time before the case is closed," in reviewing this particular amendment, the Court finds it necessary to issue an order. 11 U.S.C. § 105(a) ("The court may issue any order. . . that is necessary or appropriate to carry out the provisions of this title."); *see also In re Daly*, No. 07-22628-13, 2008 WL 276538, at *1 (Bankr. D. Kan. Jan. 30, 2008) (addressing, sua sponte, whether a debtor may amend her original petition to add her husband as a joint debtor).

As noted above, joint cases are to be commenced by the filing of a single petition by an individual and that person's spouse. 11 U.S.C. § 302(a). Thereafter, the court is to determine the extent to which the estates are to be consolidated. 11 U.S.C. § 302(b). That is because joint cases are the joint administration of the estates of two separate, though married, debtors. The long-standing rule of bankruptcy procedure, Fed. R. Bankr. P. 1009(a), which permits a general right to amend a voluntary petition, is directed at administrative matters for the estate, and does not trump the Code's plain text prescriptions for *filing* joint cases. *See, e.g., In re Chilson*, 525 B.R. 130, 132-33 (Bankr. D. N.M. 2015) (describing administrative and rights-determinative problems that would result from adding a second debtor after the initial petition date). Among the courts that view Rule 1009 as not so elastic as to overcome the text of section 302(a) are *In re Olson*, 253 B.R. 73, 75 (9th Cir. B.A.P. 2000), and the cases cited therein. The *Olson* court recognized that debtors like Jones and Brazil are not wholly without options, explaining: "there

is a straightforward procedure for permitting belated bankruptcy relief to a non-filing spouse. That individual is free to commence a voluntary case and then seek joint administration of the two related cases involving husband and wife as provided by Federal Rule of Bankruptcy Procedure 1015(b)(1)." *Id.*

Accordingly, the amended petition is stricken, as are the plan, schedules and summary documents bearing Ms. Brazil's name. Mr. Jones will have 14 days from the date of this order to file his individual Chapter 13 Plan, schedules, and other required documentation in advance of his January 23 meeting of creditors. Ms. Brazil remains free to file her own petition and subsequently seek joint administration with the instant case.

**IT IS HEREBY ORDERED**: that ECF Doc. Nos. 10, 11, 12, 13, 14, and 18 are stricken in this matter.

**IT IS FURTHER ORDERED**: that Mr. Jones's Chapter 13 Plan, Schedules (A/B–J and Declaration), Summary of Assets and Liabilities, Statement of Financial Affairs, Form 122C–1 Current Monthly Income, and Form 122C–2 Calculation of Disposable Income (if applicable) are due no later than **January 13, 2020**.

Dated: December 30, 2019

By the Court:

Beth E. Hanan
United States Bankruptcy Judge